DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MARC E. MAYER (SBN 190969)
  mem@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
WB Music Corp., Warner-Tamerlane
Publishing Corp., W.B.M. Music Corp., and
Unichappell Music Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., WARNER-TAMERLANE PUBLISHING CORP., W.B.M. MUSIC CORP., and UNICHAPPELL MUSIC INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FUTURETODAY, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:18-cv-1238<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand For Jury Trial** |

Plaintiffs WB Music Corp. ("WB"), Warner-Tamerlane Publishing Corp. ("W-T"), W.B.M. Music Corp. ("WBM"), and Unichappell Music Inc. (collectively, "Plaintiffs"), by their undersigned attorneys, for their complaint against Defendant FutureToday, Inc. ("Defendant"), aver as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs are affiliates of Warner/Chappell Music, Inc. ("WCM"), which is one of the world's leading music publishers, and is engaged in the business of acquiring, administering, licensing, and otherwise exploiting a catalog

of copyrights in and to musical compositions, owned in whole or in part by Plaintiffs.  Plaintiffs' catalog of copyrighted musical compositions is extremely valuable and encompasses works composed or famously performed by a wide array of legendary songwriters and artists, including both contemporary hits and influential standards.

2. Defendant is a video technology and distribution company that disseminates and monetizes musical works via multiple video "channels". Defendant's channels are available through a wide variety of outlets, including television services, websites, and mobile applications, including the Roku distribution platform.  Defendant has built its business in large part on the unlawful reproduction, distribution, and public performance of hundreds, if not thousands, of Plaintiffs' copyrighted musical compositions, which are featured in the videos distributed by and through Defendant's services.

3. Defendant does not have any license or other authorization from Plaintiffs to reproduce, distribute, or publicly perform in the United States any of Plaintiffs' copyrighted musical compositions.  Accordingly, Defendant is liable for its infringement of Plaintiffs' copyright interests, either because it has directly engaged in infringing activities or because it is secondarily liable for infringing activities undertaken by others.

4. Defendant surely is aware that its conduct constituted copyright infringement, including because it holds itself out as having "started as a content creator" and "understand[ing] the needs of content creators better than other companies."  Moreover, Plaintiffs' counsel sent Defendant a cease and desist letter on November 1, 2017, expressly informing Defendant that it was infringing Plaintiffs' copyrighted works.  Nevertheless, Defendant's infringement continues to this day.

5. Defendant's infringement is therefore willful and deliberate.  Its conduct has caused and continues to cause substantial, manifest, and irreparable

harm to Plaintiffs, while enriching Defendant at Plaintiffs' expense and to the detriment of the copyrighted musical compositions owned and/or controlled by Plaintiffs. By this lawsuit, Plaintiffs seek to bring Defendant's conduct to a stop and to obtain compensation for the harm Defendant has caused and continues to cause to Plaintiffs and to the owners of the copyright interests in and to the musical compositions controlled by Plaintiffs.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Defendant because, among other things, Defendant has been engaged and is engaged in tortious conduct within the State of California and in this District, including by reproducing, distributing, and publicly performing Plaintiffs' copyrighted works within the State of California. Additionally, among other things, (a) Defendant is located in the State of California and is doing or has been doing business continuously in the State of California and this District, (b) a substantial part of the wrongful acts committed by Defendant have occurred in interstate commerce, in the State of California and in the Central District of California, and (c) Defendant's conduct causes injury to, and is directed at, Plaintiffs and their intellectual property within the State of California.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendant conducts business in this District and, upon information and belief, a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. Plaintiffs have their principal places of business in this District and have been injured in this District as a result of Defendant's infringing conduct.

## THE PARTIES

10. Plaintiffs WB Music. Corp. and Warner-Tamerlane Publishing Corp. are California corporations with their principal place of business at 10585 Santa Monica Boulevard, Los Angeles, California 90025. Plaintiffs W.B.M. Music Corp. and Unichappell Music Inc. are Delaware corporations with their principal place of business at 10585 Santa Monica Boulevard, Los Angeles, California 90025.

11. Among the copyright interests Plaintiffs own and/or administer (in whole or in part) are copyrights and/or exclusive rights in and to the musical compositions identified in Schedule A attached hereto and incorporated herein by reference (the "Musical Compositions"). As the owners and/or administrators of copyrights (in whole or in part) in the Musical Compositions, Plaintiffs possess the exclusive rights, among other things, to reproduce the Musical Compositions, to distribute copies of the Musical Compositions, and to publicly perform the Musical Compositions.

12. Defendant FutureToday, Inc. is a Delaware corporation with a principal place of business at 3723 Haven Avenue, Menlo Park, California 94025.

13. Upon information and belief, Defendant is a video technology and distribution company that distributes, monetizes and promotes audiovisual content, including through video "channels" that it makes available on many major distribution platforms and devices, including Roku.

14. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, which sued said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave to amend this complaint to state their true names and capacities. Plaintiffs are informed and believe, and on that basis aver, that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth (all of the

Defendants, including the Doe Defendants, collectively are referred to as "Defendants").

15. Plaintiffs are informed and believe, and on that basis aver, that at all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTS APPLICABLE TO ALL CLAIMS

16. Defendant purports to be a video technology and distribution company in the business of distributing, publicly performing, and monetizing audiovisual content by digitally transmitting or broadcasting such content via personal computers, Internet-enabled mobile devices, and so called "Smart TV" platforms, such as TiVo, Roku, and other similar products.

17. Among other services, Defendant creates, or facilitates the creation of, online "apps" or "channels" that it makes available to the public through Smart TV platforms and other similar products. According to its website, Defendant is responsible for hosting, encoding and streaming content through these channels. Defendant additionally promotes its channels to potential consumers, monitors the viewership of content available through its channels, and monetizes that content by pairing it with advertisements. Upon information and belief, Defendant receives a substantial share of the revenue (including advertising revenue) attributable to its monetization of content.

18. Defendant claims to have created, and currently operate, oversee, or administer, hundreds of different "channels." Defendants' channels encompass a wide range of topics and genres. Among these are many channels that are designed specifically for the purpose of streaming (i.e., publicly performing) copyrighted musical works, including recordings that embody Plaintiffs' musical compositions. Representative examples of Defendant's music channels include Fawesome TV Music, Gospel TV, HipHop Head TV, Hip Hop Music by

Fawesome, Music Concerts by Fawesome, Music Nation, Pop Music by Fawesome, RnB Music, and Urban Nation.  Together, these channels, as well as Defendant's other channels of which these are a representative sample, are referred to herein as the "Channels."

19. When a consumer accesses one of the Channels, he or she is able to select from the various content offerings listed on the Channel, browse the content library available on the Channel, or search for particular content available via the Channel.  Much of the content performed on Defendant's music Channels consists of audiovisual works featuring recordings of musical compositions, including full copies of premium music videos, cover versions of popular songs, live concert footage, and audio-only versions of songs paired with an album image.

20. Among the audiovisual works that Defendant streams on its music Channels are prominently featured musical compositions owned or controlled by Plaintiffs, including the Musical Compositions.  Plaintiffs have performed an initial investigation of Defendant's Channels, and have discovered that Defendant reproduced and publicly performed nearly 70 of the Musical Compositions by streaming them (or streaming videos encompassing them) on certain of its Channels.  A list of these Musical Compositions, and the Channel through which Defendant performed them to the public without authorization, is also included in the attached Schedule A.  These Musical Compositions are referred to herein as the "Infringed Compositions."  The videos embodying the Infringed Compositions are referred to herein as the "Infringing Videos."

21. Plaintiffs are continuing their investigation into the scope of Defendant's infringement.  Plaintiffs are informed and believe, and on that basis aver, that further investigation will reveal many more musical compositions owned and/or controlled by Plaintiffs, in whole or in part, that are being unlawfully exploited on Defendant's Channels.  Plaintiffs expressly reserve the right to amend this Complaint to assert additional claims for infringement of Plaintiffs' Musical

Compositions as it uncovers such infringement during the course of discovery in this action.

22. Defendant has reproduced, distributed, and publicly performed the Infringed Compositions, by, among other things, uploading the Infringing Videos to its computer servers and transmitting the Infringing Videos to the consumers of Defendant's Channels via a streaming digital audio visual public performance.

23. Plaintiffs are informed and believe, and on that basis aver, that Defendant is well aware that its conduct constitutes copyright infringement. Defendant is a sophisticated entity that derives significant income from the exploitation of the video content it distributes, including through the distribution of such content through Smart TV platforms such as Roku and TiVo. As such, Defendant knows that music cannot be copied, distributed, sold, and publicly performed without a license.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 23, inclusive.

25. Plaintiffs, their predecessors in interest, or their licensors have registered the copyrights to the Infringed Compositions with the Copyright Office of the United States, or applied for such registration, prior to commencement of this action.

26. Defendant has infringed Plaintiffs' copyright interests in the Infringed Compositions by reproducing, distributing, and publicly performing each of the Infringed Compositions without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27. Each such infringement by Defendant of the Infringed Compositions constitutes a separate and distinct act of infringement.

28. Defendant's acts of infringement are willful, in disregard of and with indifference to copyright interests owned and/or controlled by Plaintiffs.

29. As a direct and proximate result of the infringements by Defendant, Plaintiffs are entitled to damages and to Defendant's profits in amounts to be proven at trial, and which are not currently ascertainable. Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

30. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

31. As a result of Defendant's acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights in the Infringed Compositions. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For:

(a) A preliminary and permanent injunction enjoining and restraining Defendant and its respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction from directly or indirectly infringing in any manner any right in any and all musical compositions (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, writers, publishers and co-publishers or distributed labels) owns or controls an exclusive right under Section 106 of the United

States Copyright Act (17 U.S.C. § 106), including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' musical compositions, including but not limited to the Infringed Compositions; and

  (b) Defendant's profits and for damages in such amount as may be determined; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c); and

  (c) Plaintiffs' attorneys' fees and full costs.

2. For prejudgment interest according to law; and

3. For such other and further relief as the Court may deem just and proper.

DATED: February 14, 2018  MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Bradley J. Mullins
  David A. Steinberg (SBN 130593)
  Marc E. Mayer (SBN 190969)
  Bradley J. Mullins (SBN 274219)
  Attorneys for Plaintiffs
  WB Music Corp., Warner-Tamerlane Publishing Corp., W.B.M. Music Corp., and Unichappell Music Inc.

## **JURY DEMAND**

Plaintiffs WB Music Corp., Warner-Tamerlane Publishing Corp. W.B.M. Music Corp., and Unichappell Music Inc. hereby demand a trial by jury on all matters and issues so triable.

DATED: February 14, 2018          MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Bradley J. Mullins
David A. Steinberg (SBN 130593)
Marc E. Mayer (SBN 190969)
Bradley J. Mullins (SBN 274219)
Attorneys for Plaintiffs
WB Music Corp., Warner-Tamerlane
Publishing Corp., W.B.M. Music Corp.,
and Unichappell Music Inc.