| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-01238-CAS(FFMx) | Date | August 27, 2018 |
| Title | WB MUSIC CORP., WARNER- TAMERLANE PUBLISHING CORP., W.B.M. MUSIC CORP., AND UNICHAPPELL MUSIC INC., v. FUTURETODAY, INC. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS OR QUASH PROCESS AND FOR A MORE DEFINITE STATEMENT (Dkt. 24, filed June 16, 2018)

## I. INTRODUCTION

On February 14, 2018, plaintiffs WB Music Corp., Warner-Tamerlane Publishing Corp., W.B.M. Music Corp., and Unichappell Music Inc. (collectively "plaintiffs.") filed the Complaint against defendant Future Today, Inc. ("Future Today"). Dkt. 1. The Complaint alleges that Future Today, headquartered in California, infringes on plaintiffs' copyrights by disseminating plaintiffs' copyrighted material through television services, websites, mobile applications, and other outlets. Compl. ¶¶ 2–3, 12. Plaintiffs assert a single claim for copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501. Compl. ¶ 26.

On June 16, 2018, Future Today filed the instant motion for a more definite statement under Federal Rule of Civil Procedure 12(e), as well as to dismiss the Complaint or quash process under Rule 12(b)(4). Dkt. 24. Plaintiffs filed their opposition on July 30, 2018. Dkt. 32. On August 6, 2018, Future Today filed its reply and a Request for Judicial Notice[1]. Dkts. 34, 35. A hearing on the motion was held on August 20, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] Given the Court's disposition of the motion below, the Request for Judicial Notice is **DENIED** as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-01238-CAS(FFMx) | Date | August 27, 2018 |
| Title | WB MUSIC CORP., WARNER- TAMERLANE PUBLISHING CORP., W.B.M. MUSIC CORP., AND UNICHAPPELL MUSIC INC., v. FUTURETODAY, INC. | | |

## II. LEGAL STANDARDS

### A. Improper Process

Rule 12(b)(4) was designed to "challenge irregularities in the contents of the summons." Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), reversed on other grounds by 487 U.S. 412 (1988). The sufficiency of process is governed by Rule 4 of the Federal Rules of Civil Procedure, which requires, among other things, that a summons "name the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A), (B). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Int'l Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). If a Rule 12(b)(4) motion is granted, the district court has the discretion to choose between dismissal or quashing service of process. See Stevens v. Sec. Pac. Nat. Bank, 538 F.2d 1387, 1389 (9th Cir. 1976). Even if the summons fails to name all defendants or specifies the incorrect time for filing an answer, it is defendant's burden to show prejudice that would justify dismissal. United Food & Commercial Workers Int'l Union, 736 F.2d at 1382.

### B. More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Id. Generally, "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). For example, "[s]uch a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." True v. American Honda Moro Co., Inc., 520 F. Supp. 2d 1175, 1180 (C.D. Cal.2007). By contrast, "a Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-01238-CAS(FFMx) | Date | August 27, 2018 |
| Title | WB MUSIC CORP., WARNER- TAMERLANE PUBLISHING CORP., W.B.M. MUSIC CORP., AND UNICHAPPELL MUSIC INC., v. FUTURETODAY, INC. | | |

### III. ANALYSIS

#### A. Improper Process

Defendant's argument regarding improper process is that the caption of the Complaint and summons identify defendant as "FutureToday, Inc." instead of its proper name of "Future Today, Inc." Defendant argues that this misnomer means that the process was insufficient, and as a result the Complaint must be dismissed and the service quashed, or, in the alternative, service should be quashed and plaintiffs ordered to file and serve an amended summons and complaint.[2] Mot. at 4. The Court disagrees.

The Ninth Circuit has rejected the idea that omitting "Inc." from a defendant's name would invalidate service of process. Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1132 n.1 (9th Cir. 2002). Similarly, an omitted space in defendant's name does not invalidate process in this case. Defendant clearly received sufficient notice of the Complaint, and there is no dispute that this defendant is in fact the proper party to the case. Defendant has even received six extensions of time to file a response. No legitimate purpose would be served by quashing service and requiring plaintiffs to reserve an amended summons and complaint. Defendant's motion to dismiss the Complaint and/or quash process under Rule 12(b)(4) is **DENIED**.

#### B. More Definite Statement

Defendant asks the Court to order plaintiffs to provide a more definite statement because plaintiffs' "puzzle pleading" does not: (1) clearly delineate plaintiffs' actual ownership interests, (2) identify specific webpages in a way which would allow

---

[2] At the hearing the counsel for defendant brought Borzeka v. Heckler to the Court's attention. 739 F.2d 444 (9th Cir. 1984). In Borzeka the Ninth Circuit laid out a four part test to determine when the failure to personally serve the United States under then-Rule 4(d)(4) did not require dismissal of the complaint. Id. at 447. Borzeka does not help defendant because a failure to personally serve is enforced through 12(b)(5), and dismissals under Rule 12(b)(4) are instead governed by United Food & Commercial Workers Int'l Union's requirement that the defendant show prejudice. 736 F.2d. 1382. Borzeka also does not address defendant's preferred remedy in this case of quashing the summons and ordering the plaintiff to file and service an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-01238-CAS(FFMx) | Date | August 27, 2018 |
| Title | WB MUSIC CORP., WARNER- TAMERLANE PUBLISHING CORP., W.B.M. MUSIC CORP., AND UNICHAPPELL MUSIC INC., v. FUTURETODAY, INC. | | |

defendant to stop the alleged infringement, or (3) identify how defendant's alleged infringement was "willful." Mot. at 6–14. The Court will address each item in turn.

Defendant's first two grounds for its request for a more definite statement are based in potential affirmative defenses. Defendant asks the Court to require plaintiffs to delineate their actual ownership interests because if plaintiffs are only co-owners of some of the copyrighted works at issue then it is possible that defendant received a valid license from another co-owner. Reply at 6–7. The Ninth Circuit has held that "[t]he existence of a license creates an affirmative defense to a claim of copyright infringement. Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110, 1114 (9th Cir. 2000). Defendant's second ground for asking for a more definite statement is that plaintiffs' allegations in the Complaint "strongly suggest" that defendant may be eligible for a safe harbor provision in 17 U.S.C. § 512, and the Complaint does not allege facts that would negate the safe harbor provisions as provided in 17 U.S.C. § 512(c). Mot. at 12. The Ninth Circuit has also held that the safe harbor provisions found at 17 U.S.C. § 512 are affirmative defenses that must be established by their proponent. Columbia Pictures Indus. v. Gary Fung, 710 F.3d 1020, 1039 (9th Cir. 2013).

A motion for a more definite statement is improper when the "defects complained of and the details desired" relate solely to affirmative defenses. Fed. R. Civ. P. 12(e). Such a request is only proper when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Id. However, a complaint's failure to allege facts solely related to affirmative defenses is not a defect in the complaint because affirmative defenses must be pleaded in the answer, not the complaint. Fed. R. Civ. P. 8(c)(1); Davis v. Indiana State Police, 541 F.3d 760, 763 (7th Cir. 2008) ("Complaints need not anticipate, and attempt to plead around, potential affirmative defenses."). Plaintiffs therefore cannot be ordered to provide a more definite statement for facts they were never obligated to allege in the first place.

Defendant's third ground for its request for a more definite statement concerns plaintiffs' allegations that defendant's infringement was "willful and deliberate" and "continues today." Mot. at 8–11 (citing Compl. ¶¶ 4, 5). Defendant spends much of its briefing on this issue arguing that those paragraphs are false or misleading, but by doing so defendant has shown it does understand the allegations made in those paragraphs and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-01238-CAS(FFMx) | Date | August 27, 2018 |
| Title | WB MUSIC CORP., WARNER- TAMERLANE PUBLISHING CORP., W.B.M. MUSIC CORP., AND UNICHAPPELL MUSIC INC., v. FUTURETODAY, INC. | | |

is capable of preparing a response. Having independently reviewed the cited paragraphs, the Court finds that they are more than adequately detailed for the purposes of Rule 12(e).

For the foregoing reasons defendant's motion for a more definite statement is **DENIED**.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss the Complaint or quash process, and **DENIES** defendant's motion for a more definite statement.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |